UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADVENT GLOBAL SOLUTIONS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-2717 |
| | § | |
| SHOBHAN SHAH, et al., | § | |
| | § | |
| Defendants. | § | |

**AGREED PRELIMINARY INJUNCTION**

On this day, the court considered the Original Complaint and Verified Application for Preliminary Injunction filed by Plaintiff Advent Global Solutions, Inc. ("Advent") against Defendant Shobhan Shah ("Shah"), and the parties having announced to the court that they have agreed to the entry of an Agreed Preliminary Injunction.

WHEREAS, Advent contends that Shah has unlawfully competed with Advent, solicited its customers' business, and used, disclosed, or otherwise profited from Advent's confidential proprietary information.

WHEREAS, Shah contends that he never used any Advent confidential proprietary information except on behalf of Advent and to benefit Advent, and has never solicited or done business with any Advent client except on behalf of Advent. Further, Shah stipulates as stated herein only to avoid the considerable costs associated with appearing in Texas with his counsel for the hearing on Advent's Application for Preliminary Injunction.

Based on the parties' stipulation and the facts set forth in Advent's Verified Original Complaint and Application for Preliminary Injunction, the court finds that absent preliminary injunctive relief, Advent will suffer irreparable injury if Shah is allowed to use, disclose, or

otherwise profit from any of Advent's confidential proprietary information or solicit its customers' business.  It is reasonably probable from the specific facts contained in Advent's Verified Original Complaint that Advent will suffer immediate and irreparable injury, loss, or damage before a trial on the merits.  The nature of the injury includes both the destruction and devaluation of Advent's confidential and proprietary information for which Advent has no adequate remedy at law.  Accordingly, the court, having entered its Temporary Restraining Order on September 14, 2012, finds that it should maintain the status quo and protect Advent from irreparable injury and is of the opinion that an Agreed Preliminary Injunction should be entered.  It is therefore:

ORDERED that Advent's Application for Preliminary Injunction is hereby GRANTED;

It is further ORDERED, to preserve the status quo and Advent's rights, that Shah and any and all of his agents, employees, representatives and those in direct participation with them, who receive actual notice of this order, either directly or indirectly, are prohibited from:

(a) soliciting, selling, servicing, managing, providing, or accepting any request to provide, or otherwise profiting or benefitting from, or inducing the termination, cancellation, or non-renewal of, any of Advent's business from or by any person, corporation, firm, or other entity, (I) whose account constituted a Client Account of Advent at any time within the 24 months preceding the date of termination of Shah's employment with Advent or (ii) who or which was an Active Client of Advent as of the effective date of termination of Shah's employment with Advent, and (iii) with whom Shah had personal contact, to whom Shah provided services, or about whom Shah received Confidential Information, including, without limitation, information concerning the service contract revenue guidelines and procedures, pricing needs, costs and identities of resources, identities of the hiring managers, methodology to navigate the contract procuring process, during his employment with Advent; and

(b) using or disclosing any of Advent's Confidential Information, including, without limitation, information concerning the service contract revenue guidelines and procedures, pricing needs, costs and identities of resources, identities of the hiring managers, methodology to navigate the contract procuring process, for his own benefit or any person or entities other than Advent.

It is further ORDERED that this Agreed Preliminary Injunction shall be effective until final judgment in this cause;

It is further ORDERED that the Cash Bond in the amount of $5,000.00 furnished by Advent in connection with the Temporary Restraining Order is sufficient for, and shall constitute, the bond and security for this Agreed Preliminary Injunction;

It is further ORDERED that, based upon the parties' agreement, this cause will be set for trial in accordance with the court's normal docketing procedures.

It is so ORDERED.

Signed at Houston, Texas on October 15, 2012.

_____
Gray H. Miller
United States District Judge